No. 10,199.

O'NEALL v. YOUNG, ET AL.

Decided February 5, 1923.

Action for wages.  Judgment for plaintiffs.

*Affirmed.*

1. APPEAL AND ERROR—*Fact Findings.* Findings of fact by the trial court will not be disturbed on review.

2.    *Harmless Error.* Erroneous rulings of the trial court will not be considered on review, where no injury is shown to have resulted from the error.

3. AMENDMENTS—*Error—Continuance.* Error based upon rulings of the trial court allowing amendments, will not be considered on review in the absence of allegations of surprise and motion for continuance by the complaining party.

4. NONSUIT—*Evidence.* If there is evidence to support a pleaded cause of action, a motion for nonsuit is properly overruled.

5.  APPEAL AND ERROR—*Trial to Court—Evidence.* Where a case is
    tried to the court, it will not be presumed, on review, that he
    considered incompetent evidence in reaching a conclusion.

*Error to the County Court of Kit Carson County, Hon.
Wyatt Boger, Judge.*

Messrs. ALLEN & WEBSTER, Mr. LOUIS VOGT, for plaintiff
in error.

Messrs. GODSMAN & GODSMAN, Mr. JOHN F. MAIL, for
defendants in error.

MR. CHIEF JUSTICE TELLER delivered the opinion of the
court.

THE defendants in error were plaintiffs in an action
against the plaintiff in error to recover an amount alleged
to be due for wages. A jury was waived, the case tried to
the court, and judgment entered for the plaintiffs. The
defendant brings error.

It is objected that the evidence does not support the find-
ing and judgment of the court. The court found that the
plaintiffs were engaged to work for the defendant at the
rate of $100 per month, under an oral contract, and that
the plaintiffs rendered services for thirteen and one-half
months. The judgment therefore was for the difference
between $1,350 and the credits which were proved on the
trial. The fact that there was evidence as to contracts by
the sons of Mr. and Mrs. Young is of no consequence, inas-
much as the judgment was based upon the finding above
stated. There is testimony of the hiring at $100 a month,
Dollie Young testifying that the whole family was em-
ployed, and it is undisputed that they worked thirteen and
one-half months under the original contract of hiring. .

Complaint is made also that while the plaintiffs sued out
an attachment upon an affidavit alleging a written contract,
they were allowed to prove an oral contract. No injury is
shown to have resulted from that action.

Complaint is also made that the parties were allowed to
amend their summons and affidavit of attachment. If this

was in fact a surprise to the defendant, he should have asked for a continuance. In the absence of any application to that effect, we cannot hold that the defendant suffered an injury by the court's action in that respect.

It is also contended that the court should have sustained a motion for a nonsuit. The evidence being as above stated, the motion for nonsuit was properly overruled.

While the complaint contained irrelevant matter, and evidence of contracts not in fact involved was admitted, as the case was tried to the court, it will not be presumed that these extraneous matters were considered by him. Indeed the findings show that he considered only the evidence as to the original contract, and gave judgment accordingly.

The judgment is accordingly affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE BURKE concur.